DONALD WILLIAM KIMSEY, BY NEXT FRIEND, BETTY JANE KIMSEY, v. CARL E. REAVES AND BERTIE G. REAVES.

(Filed 21 March, 1956.)

**Appeal and Error § 42—**

> Exceptions to disconnected portions of the charge will not be sustained when no prejudicial error is made to appear upon a contextual reading of the charge in the light of the allegations and evidence.

APPEAL by plaintiff from *Clarkson, J.,* at 14 November, 1955 Regular Civil Term, of MECKLENBURG. (Former appeal 242 N.C. 721, 89 S.E. 2d 386.)

Civil action to recover for personal injury sustained by plaintiff, about 2:30 p.m. on 27 November, 1953, in collision of an automobile driven by Trady Johnston, Jr., in which plaintiff was riding as a passenger, and an automobile owned by male defendant for family purposes, operated by *feme* defendant, allegedly resulting from actionable negligence of defendants in manner specifically set forth in the complaint.

Defendants, answering, deny such allegations of negligence, and aver that the collision and consequent injury of which plaintiff complains were proximately caused by the negligent operation by Trady Johnston, Jr., of his automobile in manner specifically set forth.

The collision occurred on a four-lane highway, two lanes for northbound traffic, and two for southbound. Both cars involved were traveling north,—that of defendant some distance ahead of and at a lower rate of speed than the Johnston car.

Plaintiff contended that car of defendants was traveling in the right-hand lane, and the Johnston car in the left-hand lane, preparing to pass

the car of defendants, when the latter was turned suddenly and without signal across the left lane directly in front of the Johnston car, and momentarily came to a stop, causing the collision.

On the other hand, defendants contend that their car had been standing in left lane waiting for southbound traffic to pass, when the Johnston car ran into it from the rear.

Both parties offered evidence tending to support their respective contentions. The case was submitted to the jury upon two issues, the first of which is: "Was the minor plaintiff injured by the negligence of the defendants, as alleged in the complaint?", and the second as to damages. The jury for its verdict answered the first issue "No," and to judgment for defendants in accordance therewith plaintiff excepted and appeals to Supreme Court, and assigns error.

*William H. Booe and Henry L. Strickland for Plaintiff, Appellant.*
*John H. Small for Defendants, Appellees.*

PER CURIAM. The only assignments of error, other than formal ones, brought up for consideration are based upon exceptions to various portions of the charge as given to the jury. The charge, as set forth in the case on appeal, covers forty-eight printed pages, and when read disconnectedly there are portions which are not free from error. However, when read contextually in the light of the allegations in the pleadings, and of evidence offered by the respective parties, the Court holds that prejudicial error is not made to appear.

Hence, in the judgment below there is
No error.